Jose MADRIGAL–ZAVALA, Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 10–72332.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2012.

Filed Dec. 18, 2012.

by 9th Cir. R. 36–3.

Frank P. Sprouls, Esquire, Law Office of Ricci And Sprouls, San Francisco, CA, for Petitioner.

Edward Earl Wiggers, Esquire, U.S. Department of Justice, Washington, DC, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, CALLAHAN, Circuit Judge, and KORMAN, Senior District Judge.*

**MEMORANDUM** **

We've held the departure bar doesn't apply when an alien's vacated conviction makes up a "key part" of his deportation proceedings. *See Cardoso–Tlaseca v. Gonzales,* 460 F.3d 1102, 1107 (9th Cir. 2006); *Wiedersperg v. INS,* 896 F.2d 1179,

1181–82 (9th Cir.1990); *Estrada–Rosales v. INS,* 645 F.2d 819, 820–21 (9th Cir. 1981). We've reasoned that a deportation based on a subsequently vacated conviction is not "legally executed," *see Estrada–Rosales,* 645 F.2d at 821, provided that the conviction was vacated "because of a procedural or substantive defect," rather than for a reason "unrelated to the merits of the underlying criminal proceedings," *Cardoso–Tlaseca,* 460 F.3d at 1107 (internal quotation marks omitted).

Petitioner argued before the IJ and the BIA that the departure bar doesn't apply to his case because his conviction was vacated. The BIA held that petitioner's claim that his "previous deportation was 'unlawful' is based on case law which postdates his deportation by many years, as well as on an apparent modification of his criminal conviction which also postdates his deportation by many years." For those reasons, the BIA held, petitioner "makes no legitimate argument that he was unlawfully deported."

Contrary to the BIA's assertion, petitioner relies on two cases that *predate* his deportation—*Wiedersperg* and *Estrada–Rosales.* And *Cardoso–Tlaseca,* the case that postdates his deportation, relied on *Wiedersperg* and *Estrada–Rosales.* See *Cardoso–Tlaseca,* 460 F.3d at 1107. Nor does the fact that petitioner attempted to vacate his conviction years after his deportation derail his claim. In *Wiedersperg,* petitioner "wait[ed] three years and eight months after the final order of deportation to file a collateral challenge to his state court conviction, and ... over seven years after the granting of his writ of error coram nobis to file his motion to reopen the deportation case." 896 F.2d at 1181. Despite the delay, we held the departure

---

* The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

** This disposition isn't appropriate for publication and isn't precedent except as provided by 9th Cir. R. 36–3.

bar didn't eliminate the BIA's jurisdiction over his motion. *Id.* at 1183.

Petitioner's case closely tracks *Cardoso–Tlaseca*. In both cases, the aliens were deported for being illegally present in the country and having been convicted of controlled substance violations. *Cardoso–Tlaseca*, 460 F.3d at 1104. Both aliens convinced courts to vacate their convictions, and both subsequently entered guilty pleas to different charges. *Id.* Both cases raised the question whether the departure bar denied jurisdiction over their motions to reopen. *Id.* at 1105. In *Cardoso–Tlaseca*, we remanded so that the BIA could "determine[ ] in the first instance" whether the petitioner's conviction "was vacated on the merits" and thus could not serve as a basis for removeability. *Id.* at 1107. *Cardoso–Tlaseca* requires us to do the same here.

We hold that the BIA has jurisdiction and remand for the BIA to determine whether petitioner's conviction was vacated on the merits.

**PETITION GRANTED.**